UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
v.                             )      No.:   3:03-CR-66-TAV-DCP-1
                               )
ELKER E. JONES,                )
                               )
            Defendant.         )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's counseled motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Sealed Doc. 34] The government responded in opposition [Doc. 35], and defendant replied [Doc. 36]. Defendant subsequently filed a supplement to his motion [Sealed Doc. 38], the government filed a supplemental response [Doc. 40], and defendant filed a supplemental reply [Sealed Doc. 42]. Defendant subsequently filed an additional supplement to his motion [Doc. 44]. For the reasons set forth more fully below, defendant's motion for a sentence reduction under either § 3582(c)(1)(A) or § 3582(c)(1)(B) [Sealed Doc. 34] is **DENIED**.

## I.      Background

On June 11, 2003, defendant pled guilty to bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 2 & 4); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 3); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 5)

[Docs. 8, 15]. The Honorable R. Leon Jordan, United States District Judge, sentenced defendant to a total of 435 months' imprisonment, consisting of 51 months as to Counts 1, 3, and 5, to be served concurrently with each other, 84 months as to Count 2, consecutive to any other terms imposed, and 300 months as to Count 4, consecutive to any other terms imposed [Docs. 19, 20]. Upon motion of the government, Judge Jordan subsequently reduced defendant's sentence to a total of 326 months' imprisonment [Doc. 25].[1]

According to the Bureau of Prisons' website, defendant is presently scheduled for release on April 21, 2027. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed May 11, 2026).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). "One exception—commonly referred to as 'compassionate release'—permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Rutherford v. United States*, 608 U.S. ___, slip op. at 1 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised this exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018); *Rutherford*, slip op.

---

[1] Notably, this order did not set forth how that 326-month reduced sentence was to be distributed among the counts of conviction [*See* Doc. 25].

at 4.  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.  Defendant seeks relief under § 3582(c)(1)(A)(i) [Sealed Doc. 34].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction.  At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13.  Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in

[§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted).

In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.    Analysis

#### A.    Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits.  *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that the exhaustion requirement has been satisfied [Doc. 40, p. 7].  Accordingly, the Court will proceed to evaluate defendant's compassionate release request according to the three-step test explained above.

## B.    Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf.  *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023).  It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to

any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)–(6).

Recently, the Supreme Court provided some guidance as to the meaning of the term "extraordinary and compelling." "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford*, slip op. at 8. "'Compelling,' meanwhile, means 'tending to convince or convert by or as if by forcefulness of evidence.'" *Id.* "Putting these definitions together 'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Id.* at 8–9. Thus "[w]hile the terms 'extraordinary' and 'compelling' leave

6

room for judgment, they are not so flexible as to encompass any consideration." *Id.* at 11. Rather, "[t]heir meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Id.*

### 1. COVID-19 Risk

Defendant's first ground for seeking compassionate release is his contention that his medical conditions increase his risk of suffering severe symptoms if he contracts COVID-19 [Sealed Doc. 34, p. 2]. Defendant specifically states that, at the time of his motion, he was a 52-year-old African American male with a medical history including chronic periodontitis, hyperlipidemia, asthma, and obesity, and a family history of gastric cancer [*Id.*].

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

    (i)    suffering from a serious physical or medical condition,

    (ii)    suffering from a serious functional or cognitive impairment, or

    (iii)    experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

   (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

   (ii)   due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

   (iii)  such risk cannot be adequately mitigated in a timely manner.

U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1).

Although his motion was filed before the amendment to the Guidelines, defendant's motions is best construed as proceeding under § 1B1.13(b)(1)(D), as he does not indicate that he is suffering from a terminal illness, a condition that limits his ability to provide self-care, or a condition causing serious deterioration [*See* Sealed Doc. 34].

Under the final subsection of § 1B1.13(b)(1), defendant's health issues may be extraordinary and compelling grounds for release when combined with the increased risk of contracting, or becoming severely ill from, COVID-19; however, defendant has not adequately established all three requirements of § 1B1.13(b)(1)(D).  First, defendant has not established that he is housed at a correctional facility affected by an ongoing outbreak of COVID-19.  Indeed, records indicate that defendant is now listed as being located in the

8

Orlando RRM field office. Federal Bureau of Prisons' Inmate Locator, www.bop.gov/inmateloc/ (last accessed May 14, 2026). In other words, defendant is now located at a residential reentry center, sometimes referred to as a "halfway house," rather than a prison facility. Accordingly, it does not appear that defendant is housed at a correctional facility with an ongoing or imminent COVID-19 outbreak.

Moreover, the Sixth Circuit has previously held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Defendant admits that he has received at least three doses of the COVID-19 vaccination [Sealed Doc. 34, p. 3]. Therefore, given defendant's access to the COVID-19 vaccine, the Court does not find that defendant's risk of severe medical complications associated with contracting COVID-19 cannot be adequately mitigated in a timely manner. Accordingly, defendant has not established that medical circumstances constitute an extraordinary and compelling ground for release.

Defendant's medical circumstances, pursuant to § 1B1.13(b)(1), do not rise to the level of an extraordinary and compelling reason warranting compassionate release.

### 2. Change in Law

Next, defendant argues that the altered sentencing scheme for § 924(c) offenses, which would result in a reduced sentence, if he were sentenced today, constitutes an extraordinary and compelling ground for relief [Sealed Doc. 34, pp. 13–14]. In a

9

supplement, defendant explicitly relies on § 1B1.13(b)(6) of the Sentencing Guidelines [Sealed Doc. 38, p. 5]. That section of the amended policy statement provides that non-retroactive changes in law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in § 1B1.13(b)(6) of the Guidelines, the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id.* at 1065. In other words, because *Loper*

10

*Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

More recently, the Supreme Court addressed this issue, and held that "Congress's nonretroactive change to §924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Rutherford*, slip op. at 16. The Court stated that, to the extent the Sentencing Guidelines' policy statement counsels otherwise, "the Commission's policy statement is invalid." *Id.* The Court specifically concluded that the disparity created by the amendment of § 924(c) does not satisfy § 3582(c)(1)(A)'s "extraordinary and compelling" requirement. *Id.* at 9. The Court reasoned that "[f]ar from 'extraordinary,' nonretroactive amendments to criminal penalties are the norm." *Id.* Further, the Court stated that "[i]t is hard to see how Congress's deliberate decision *not* to extend newly reduced penalties to those already sentenced could be a convincing reason that 'warrants' a reduction." *Id.* (emphasis in original) (alteration omitted). Further, the Court found that the nonretroactive change to § 924(c)'s sentencing scheme also "fall[s] well outside the heartland of compassionate release, which has long been defined by a prisoner's personal circumstances." *Id.* at 10. Accordingly, the Supreme Court concluded that the disparity that results from Congress's decision to leave a sentence

11

untouched cannot serve as an extraordinary and compelling ground for relief under § 3582(c)(1)(A). *Id.* at 17.

In light of the Sixth Circuit's decision in *Bricker* and the Supreme Court's decision in *Rutherford*, it is clear that the Court is not to consider the non-retroactive amendment to § 924(c)'s sentencing scheme as an extraordinary and compelling ground for relief under § 3582(c)(1)(A).

### 3.      Combination of Factors

Finally, defendant suggests that the combination of his health conditions, his unusually long sentence, and his rehabilitative efforts provide grounds for his release under § 1B1.13(b)(5) of the Sentencing Guidelines' policy statement [Sealed Doc. 38, p. 10].

Section 1B.13(b)(5) sets forth "[o]ther [r]easons that may be deemed extraordinary and compelling grounds for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(5). Specifically, that section states that "other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)" may also warrant compassionate release. *Id.*

But the Supreme Court has made clear that courts cannot consider the non-retroactive amendments to § 924(c), even in combination with other factors, in determining whether a defendant has shown extraordinary and compelling grounds for release. *Rutherford*, slip op. at 16 ("Congress's nonretroactive change to §924(c)—considered by itself or in combination with other factors—cannot make a

12

prisoner eligible for compassionate release."). Even considering just defendant's health conditions in combination with his rehabilitative efforts, the Court finds that these factors together are not "similar in gravity" to the circumstances described in subsections (1) through (4) of § 1B1.13(b). Accordingly, the Court is not convinced that defendant has established extraordinary and compelling reasons that warrant release.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion [Sealed Doc. 34] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

13